216 So.2d 11 (1968)
R.K. COOPER CONSTRUCTION COMPANY, Petitioner,
v.
Alan D. FULTON, Respondent.
No. 36951.
Supreme Court of Florida.
June 5, 1968.
On Rehearing November 27, 1968.
*12 Blackwell, Walker & Gray and James E. Tribble, Miami, for petitioner.
Guion T. DeLoach and Horton & Schwartz, Miami, for respondent.
ROBERTS, Justice.
We have for review a cause certified to us from the District Court of Appeal, Third District, under Article V, Section 4(2), Constitution of Florida, F.S.A., as a decision that "`passes upon a question of great public interest,' that is, whether the price bid for property at a foreclosure sale, having been governed according to law, is the conclusive test of the value of the property in a subsequent action at law for the balance of the amount due on the note." Fulton v. R.K. Cooper Construction Company, 208 So.2d 863, filed December 5, 1967.
The petitioner, R.K. Cooper Construction Company, was the holder of a ninety-five hundred ($9500.00) dollar note and mortgage executed by respondent, Alan D. Fulton, and his wife. After default, foreclosure proceedings were instituted and petitioner secured a decree of foreclosure and a certificate of sale for ten ($10.00) dollars. No objections were made within ten days and the clerk filed a certificate of title as provided in Chapter 702, Florida Statutes, F.S.A. There was no report of the sale to the Chancellor for examination and no judicial action approving it by him. The petitioner-plaintiff relied entirely on the automatic finality under the alternative method of sale provided in Chapter 702, supra. Shortly thereafter, petitioner commenced a new action at law to recover upon the note itself and respondent defended on the ground that the property had considerable value and that ten ($10.00) dollars was not the fair market value. After settlement of another action not pertinent to the question here, summary final judgment was entered for petitioner-plaintiff. The judgment was based on an affidavit that apart from the $10.00 received at the foreclosure sale no amount of the $9500.00 had been paid. Upon appeal the District Court held that the summary judgment was improperly entered, and that as a matter of law the bid price paid at a foreclosure sale is not conclusive as to the market value of the property in a subsequent law action for judgment on the note. As a basis for this holding it cited Bobby Jones Garden Apts. v. Connecticut Mut. L. Ins. Co., Fla.App. 1967, 202 So.2d 226, but sua sponte certified the cause to this court "to be certain that the rights of the appellee [petitioner] are fully protected * * *".
We feel and so hold that good title to mortgaged property passes after sale under Chapter 702 Fla. Stat., F.S.A., the alternative sale chapter, providing ten days have expired without objection and the clerk has duly filed the certificate *13 of title. The filing of such certificate is a record declaration that no objections have been filed and is an automatic confirmation of title, when the statutory procedures have been scrupulously followed. Cf. Kurkjian v. Fish Carburetor Corporation, Fla.App., 145 So.2d 523. If objections are filed within the ten day period the Chancellor in the foreclosure case is justified in setting aside the sale for reasons of inadequacy of consideration or other compelling factors under the established rules of fair play and equity. Southern Realty & Util. Corp. v. Belmont Mfg. Corp., Fla., 186 So.2d 24. The value of the property as established by a sale so made is conclusive insofar as consideration to support title to the property in the purchaser, but the statutory automatic approval cannot bind the trial court when a suit at law is filed to enforce collection of the remaining amount due on the note. A shockingly inadequate sale price in the foreclosure proceeding can be asserted as an equitable defense and the trial judge has the discretion and duty to inquire into the reasonable and fair market value of the property sold, the adequacy of the sale price, and the relationship, if any, between the foreclosing mortgagee and the purchaser at the sale, before entering a judgment on the note.
The alternative statute which provides an expeditious manner to effect vesting of title in foreclosure proceedings did not exist in 1935 when the decision of Penn Mutual Life Insurance Company v. Moscovitz, 119 Fla. 708, 61 So. 80, was written, but the principles of equity there espoused relative to the duty of the judge to determine whether the sale price was inadequate and inequitably less than the real value of the property carries over in considering amounts due on a mortgagor's note.
In answer to the question certified we therefore hold that the bid price paid in a foreclosure sale conducted under Chapter 702, Fla. Stat., F.S.A., though such sale is final as to the purchaser and a certificate of title is filed in pursuance thereof, it is not conclusive as to the value of the property in a subsequent law action for a judgment at law upon the note.
Accordingly, the judgment of the District Court of Appeal, Third District, is approved and the writ of certiorari heretofore issued is discharged.
It is so ordered.
THOMAS and ADAMS, JJ., concur.
ERVIN, J., concurs specially with opinion.
CALDWELL, C.J., and DREW, J., dissent.
THORNAL, J., dissents with opinion.
ERVIN, Justice (concurring specially):
I concur. However, I would go a step further and hold in a proper case that in the event of fraud or gross irregularity coming to light after the ten days specified in F.S. Ch. 702, F.S.A., e.g. collusive "chilling" of the foreclosure sale bidding or lack of due notice of the sale, equity could step in and avoid the sale itself despite the language of the statute. The statute is not sacrosanct under such conditions.
THORNAL, Justice (dissenting).
I cannot agree that the deficiency action at law can be defended on the sole ground of the inadequacy of the foreclosure sale price. Fla. Stat. § 702.02(5), F.S.A., clearly appears to preclude such *14 a claim as an absolute defense. No attack is here leveled against the constitutionality of the statute. I seriously doubt that the Legislature has the power to endow a set of facts with the sanctity of a judicial decree absent a judicial hearing. Moreover, it is noted that the original foreclosure proceeding was grounded on personal service on the mortgagors. Without personal service, I doubt that the foreclosure decree and sale could be given the effect of an adjudication of the amount due on the debt for purposes of obtaining a personal judgment.
In the case presented by the record and briefs in the instant case, I would apply the statute and, therefore, quash the order under review.

ON REHEARING GRANTED
PER CURIAM.
A rehearing having been granted in this cause and the case having been considered upon the record, briefs and argument of counsel for the respective parties, the opinion of this court filed June 5, 1968 is hereby reaffirmed and adhered to on rehearing.
THOMAS, ROBERTS, ERVIN and ADAMS (Ret.), JJ., concur.
CALDWELL, C.J., and DREW, J., dissent.
THORNAL, J., dissents with Opinion.
THORNAL, Justice (dissenting).
I would adhere to my original dissent.