242 So.2d 765 (1970)
Donald G. SYMON, Single and James C. Tully and Elaine G. Tully, His Wife, Appellants,
v.
CHARLESTON CAPITAL CORPORATION and Carl R. Pennington, Jr., Appellees.
No. 69-737.
District Court of Appeal of Florida, Fourth District.
December 11, 1970.
Rehearing Denied January 29, 1971.
*766 Wilfred C. Varn, of Ervin, Pennington, Varn & Jacobs, Tallahassee, for appellants.
Roe H. Wilkins, of Maguire, Voorhis & Wells, Orlando, for appellee Charleston Capital Corporation.
OWEN, Judge.
The Circuit Court of Orange County entered a final judgment foreclosing a mortgage on certain real property lying in that county and the defendant mortgagors appeal.
Appellants had given the subject mortgage as additional security for a loan which the plaintiff appellee had made to a North Carolina corporation in which appellants owned 60% of the stock. That loan, evidenced by promissory note for $66,000, was also secured by a deed of trust on property in North Carolina which property the corporation had purchased with the loan proceeds. The note became in default. Thereupon, the trustee named in the deed of trust sold the North Carolina property at public sale without any judicial proceeding as permitted under the laws of North Carolina. Appellee bid in the property for $25,000, crediting the amount of this bid against the amount due on the note. The bid of $25,000 was less than the fair market value of the property at the time of the sale in June, 1966. The mortgagee did not seek a deficiency judgment in North Carolina against the maker of the note but instead brought this present suit to foreclose the mortgage on real property in Orange County, Florida.
It has been recognized that one may hold two mortgages on different parcels of land to secure the same debt and that the mortgagee may foreclose either one without the other, and a foreclosure of one will not bar the foreclosure of the other except where the land foreclosed in the first is equal in value to the debt. Prudence Co., Inc. v. Garvin, 1934, 118 Fla. 96, 160 So. 7.
Appellants' first point here is that the mortgagee, having foreclosed on the North Carolina property and having acquired title to that property through the non-judicial foreclosure procedure permitted under North Carolina law, is required to secure a deficiency judgment through a judicial *767 proceeding in North Carolina as a prerequisite to foreclosing another mortgage which secures the same debt but encumbers real property in Florida. Appellants submit two arguments in support of this proposition. First, under North Carolina law, a sale by a trustee under a power of sale contained in a deed of trust operates as a satisfaction of the indebtedness unless the mortgagee subsequently applies for and obtains a deficiency judgment in a judicial proceeding; therefore, the mortgagee having acquired the property at the non-judicial foreclosure sale and not having sought a deficiency judgment, the indebtedness was satisfied. Second, that by requiring the mortgagee to apply for and obtain a deficiency judgment in a judicial proceeding as a prerequisite to foreclosing the Florida mortgage, the mortgagor would have been permitted to show as a matter of defense or offset that the property sold was fairly worth at the time and place of sale the amount of the debt secured by it, or that the amount bid was substantially less than its true value, and, upon such showing, to defeat or offset any deficiency judgment either in whole or in part.
As to the first contention, we have not been cited to any authority, nor have we found any, to support the statement that under the law of North Carolina the sale by a trustee under a power of sale contained in a deed of trust operates as a satisfaction of the indebtedness in the absence of the mortgagee subsequently applying for and obtaining a deficiency judgment in a judicial proceeding. We do know that in our own jurisdiction where the mortgagee utilizes the alternative sale procedure of Section 702.02, F.S. 1967, F.S.A., and bids the property at the foreclosure sale for less than the amount due, the full indebtedness secured by the mortgage is not ipso facto satisfied merely because of the mortgagee's subsequent failure to apply for a deficiency judgment. The mortgagee, without seeking a deficiency judgment at all, can bring a new and separate action on the obligation itself. Cf. Fulton v. R.K. Cooper Construction Co., Fla.App. 1967, 208 So.2d 863, approved on cert. granted, Fla. 1968, 216 So.2d 11. We conclude that there is no merit to this contention.
As to the second contention, appellants are correct in stating that had the mortgagee sought a deficiency judgment in North Carolina, the mortgagor would have been permitted to show the true value of the property at the time and place of the non-judicial sale in order to defeat totally or offset in part any deficiency judgment sought, as the case may be. It has been held that the purpose of this statute is to give a debtor the same protection against the imposition of a deficiency judgment following non-judicial foreclosure as he would have received in a judicial foreclosure. Richmond Mortgage & Loan Corp. v. Wachovia Bank & Trust Co., 1936, 300 U.S. 124, 57 S.Ct. 338, 81 L.Ed. 552. Even though the appellants were not parties to the North Carolina proceeding, nor liable primarily on the indebtedness, it is obvious that any reduction in the amount of the mortgagor's deficiency would reduce the amount for which the Florida property was security. But the mortgagee's failure to seek a deficiency judgment in North Carolina before foreclosing on the mortgage encumbering the property in Florida did not harm the appellants. During the trial of the instant case they were permitted to show the true value of the North Carolina property at the time of the non-judicial foreclosure sale. As a result of such evidence the court made a factual finding that at the time of the sale of the property, it had a true value of $46,175, rather than the $25,000 bid by appellee, and the final judgment of foreclosure reflected an appropriate credit for such higher figure.
What the trial court did in the instant case is to apply the same equitable principles followed when a mortgagee bids the property in at sale for less than the amount due and thereafter seeks either a *768 deficiency decree as was the case in Bobby Jones Garden Apartments v. Connecticut Mutual Life Insurance Co., Fla.App. 1967, 202 So.2d 226, or brings a separate and subsequent civil action on the note itself as was the case in Fulton v. R.K. Cooper Construction Co., Fla.App. 1967, 208 So.2d 863, approved on cert. granted, Fla. 1968, 216 So.2d 11. We approve the procedure followed by the trial court and hold that where a mortgagee holds two mortgages on different parcels of land to secure the same debt which is in default, and seeks to foreclose such mortgages successively, it is not necessary to obtain a deficiency judgment in the one which is foreclosed first as a prerequisite to foreclosing the other. However, the defendant in the second foreclosure suit is entitled to the same equitable considerations as a defense, either in full or pro tanto, as would have been available to the mortgagor in the first suit had the mortgagee bid in the property and thereafter sought a deficiency judgment.
Appellants also question the correctness of the court's determination of the true value of the North Carolina property which the appellee had acquired. In the three-year interval between the date of the sale and the date of trial, the value of the property had substantially increased. There was also substantial opinion testimony that at the date of sale the property was worth more than that which the court determined it to be. We are of the view that the trial court was correct in using the date of the foreclosure sale as the only date relevant to the determination of the value, and that the court's factual finding as to value on that date was supported by competent substantial evidence appearing in the record. Therefore, we will not disturb it. First Atlantic National Bank of Daytona Beach v. Cobbett, Fla. 1955, 82 So.2d 870.
We have considered the other points raised by appellants but conclude that they do not demonstrate reversible error and do not warrant discussion.
The judgment is affirmed.
CROSS, C.J., and REED, J., concur.