**UNITED STATES of America, Plaintiff,**

v.

**Henry F. WIGTON and Virginia C. Wigton, Defendants.**

**No. C–71 2326.**

United States District Court, N. D. California.

May 4, 1972.

James L. Browning, Jr., U. S. Atty., Michael C. D'Amelio, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Richard B. Bowden, Jr., Palo Alto, Cal., for defendants.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE ACTION

OLIVER J. CARTER, Chief Judge.

The United States brings this action to recover money it paid as guarantor on a purchase money mortgage under the Servicemen's Readjustment Act of 1944, 38 U.S.C. § 1801 et seq. The defendants have made a motion for summary judgment and request that the action be dismissed. On the basis of the briefs, affidavits, memoranda and oral argument presented, the Court finds the undisputed facts as follows.

In 1959 Richard Sever, a veteran, executed a mortgage as security for the purchase money note he made in order to buy real property in Florida. This note was guaranteed in part by the Veterans Administration. Subsequently, Sever transferred the property subject to the mortgage to Mr. and Mrs. Griffin. In 1960 the Griffins sold the property, still subject to the mortgage to Mr. and Mrs. Wigton, the defendants. The Wigtons sold the property subject to the mortgage, to Mr. and Mrs. Tarrant in 1961. Sometime in 1963 the Tarrants defaulted on the note. The bank holding the mortgage foreclosed and bid in the property at $12,975 leaving a deficiency of $1833.10. The Veterans Administration honored its guaranty and paid the deficiency to the bank.

The applicable Florida law allows deficiency judgments after judicial foreclosure sales. The foreclosure action requires publication notice, which was given in the foreclosure action here. (See Exh. H, Supp. Aff'd of D'Amelio). See F.S.A. § 702.02. When the Veterans Administration honored its guaranty it became subrogated to the rights of the mortgagee, 38 C.F.R. § 36.4323(a). Under Florida law, as a subrogee the Veterans Administration has the right to pursue the deficiency. A mortgagee can recover such a deficiency from the mortgagor and all subsequent grantees of the mortgagor who assumed the mortgage. Marler v. Parker, 101 Fla. 780, 135 So. 400 (1941); Alabama-Florida Co. v. Mays et al., 111 Fla. 100, 149 So. 61 (1933). The defenses to a deficiency action are equitable in nature, such as a shockingly inadequate price at the foreclosure sale. See: R. K. Cooper Construction Co. v. Fulton, Fla., 216 So.2d 11 (1968). More than a merely inade-

quate price is required to set aside the deficiency. Maule Industries, Inc. v. Seminole Rock and Sand Co., Fla., 91 So.2d 307 (1956); Connecticut Mut. Life Ins. Co. v. Carter, 446 F.2d 136 (5th Cir. 1971).

In their motion for summary judgment the defendants challenge the sufficiency of the notice leading to this deficiency action. Defendants contend that the lack of actual notice of the foreclosure action and sale denied them due process of law under the Fourteenth Amendment.

In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) the Supreme Court held that the due process clause of the Fourteenth Amendment at a minimum requires that deprivation of life, liberty or property by adjudication be preceded by notice and an opportunity to be heard. In *Mullane* the beneficiaries of the trust in question were given notice by publication in accordance with the state statute. Justice Jackson speaking for the court at page 315, 70 S.Ct. at page 658 said:

"It would be idle to pretend that publication alone as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. It is not an accident that the greater number of cases reaching this Court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspapers. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed. The chance of actual notice is further reduced when as here the notice required does not even name those whose attention it is supposed to attract, and does not inform acquaintances who might call it to attention. In weighing its sufficiency on the basis of equivalence with actual notice we are unable to regard this as more than a feint."

The court approved notice by publication only when the interested parties were not discoverable after reasonable efforts. Also see, Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956).

In this case the mortgagee gave notice of the foreclosure by publication. Since the Veterans Administration is here as a subrogee, it has no more rights than the mortgagee would have. Therefore, the Court must decide whether or not the publication notice given defendants of the foreclosure action satisfied the due process standard established in *Mullane, supra.*

The Court is concerned with the quality of the notice at the time of the foreclosure sale because that sale is the crucial factor in any resulting deficiency action. See e. g. Maule Industries, Inc. v. Seminole Rock and Sand Co., *supra.* As already stated only a grossly inadequate price is a defense to a deficiency action such as this one. In a case where only a modest deficiency results, there appears to be no legal defense to the following deficiency action. Therefore, it appears to the Court that the foreclosure sale is the only time when a mortgagor, or his grantee, can effectively protect himself from a modest deficiency (assuming the property is worth the full value of the promissory note). The Court is not implying that all modest deficiencies are unfair or improper. However, the Court believes that in order for an interested party to protect himself against an unfair, yet modest size deficiency, he must be at the sale. Once at the sale he can bid in the property or force a reasonable price to be bid thereby avoiding a deficiency. To be at the sale, the interested parties must receive notice which is reasonably calculated to inform them of the sale. Notice by publication to the mortgagor's grantees who have left the property before a subsequent grantee defaulted is inadequate. Reasonable attempts must be made to give these interested parties actual no-

tice before the Court could allow publication notice.

■ In the case at bar, the Wigtons had sold their interest in the property and moved to California prior to the default. The Veterans Administration apparently had no difficulty in locating them for purposes of this action. Whether this is a significant fact or not, the plaintiff has not claimed that there were attempts to give the Wigtons actual notice of the foreclosure sale. The Court finds that the published notice in the Commercial Record, in West Palm Beach, Florida, was not reasonably calculated to give the Wigtons notice of the sale. The notice did not even include the Wigtons' name. (Exh. H. Supp. Aff'd of D'Amelio). The result of this lack of notice is that the Wigtons are faced with a deficiency judgment against which they never had or will have a reasonable opportunity to defend. The Court concludes that it is a denial of due process to allow such a "reasonable" deficiency judgment where the defendants are not given adequate notice of the one proceeding where their interests may be effectively protected.

Accordingly, it is ordered that the defendants' motion for summary judgment be, and the same is hereby granted, and the action is hereby dismissed.