352 So.2d 883 (1977)
HAMILTON INVESTMENT TRUST, Appellant,
v.
ESCAMBIA DEVELOPERS, INC., M.G. Drake, and Associated Developers of Florida, Inc., Appellees.
No. BB-54.
District Court of Appeal of Florida, First District.
November 10, 1977.
Rehearing Denied December 29, 1977.
Hugh M. Taylor and W. Robert Olive, Jr. of Bryant, Dickens, Franson & Miller, Tallahassee, for appellant.
Jack S. Graff and William Rankin of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellees.
PER CURIAM.
This is an appeal from a judgment denying a deficiency following a mortgage foreclosure.
The testimony before the trial judge was concentrated upon the value of the property. One such witness placed the value at a sum less than the indebtedness, while another witness placed the value at a sum which exceeded the indebtedness.
"The discretion to grant (or deny) deficiency decrees in mortgage foreclosure suits, provided for by statute (Sec. 702.06, Fla. Stat., F.S.A.), is not absolute and unbridled *884 but is a `sound judicial discretion', Carlson v. Becker, Fla. 1950, 45 So.2d 116. The exercise of such discretion in denial of a deficiency decree must be supported by disclosed equitable considerations which constitute sound and sufficient reasons for such action. Scheneman v. Barnett, Fla. 1951, 53 So.2d 641; Kissling v. McCarthy, Fla.App. 1958, 100 So.2d 434; Kurkjian v. Fish Carburetor Corporation, Fla.App. 1962, 145 So.2d 523; Colmes v. Hoco, Inc. of Dade County, Fla.App. 1963, 152 So.2d 524. Therefore, the determinative question here is whether the chancellor abused discretion in denying the mortgagees' motion for a deficiency decree." Larsen v. Allocca, Fla. App., 187 So.2d 903.
If the value of the foreclosed property exceeds the debt, the chancellor is authorized in denying a deficiency. There is competent substantial evidence in this record to conclude that the trial judge found this was the case.
The judgment is, therefore, AFFIRMED.
BOYER, C.J., RAWLS, J., and McDONALD, PARKER LEE, Associate Judge, concur.