401 So.2d 904 (1981)
The TRUSTEES OF CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS, PENSION FUND, under Its Trust Agreement Dated March 16, 1955, As Heretofore and Hereafter Amended, Which Trustees Are Presently: Frank Fitzsimmons, et al., Appellants,
v.
INDICO CORPORATION, a Michigan Corporation, et al., Appellees.
No. SS-469.
District Court of Appeal of Florida, First District.
July 23, 1981.
*905 Clinton E. Foster, Panama City, for appellants.
Bill R. Hutto, Panama City, for appellees.
MILLS, Judge.
In this appeal from a deficiency decree after a foreclosure on land, appellant, Trustees of Central States (Trustees), in whose favor the deficiency decree was entered, contend that the trial court erred in permitting the testimony of one expert witness on the value of the property, in determining the amount of the Trustees' recovery for the deficiency, and in announcing the intention to talk with the former judge to whom the case was assigned and who in the meantime had joined the law firm representing the Appellees, Indico Corporation (Indico). We reverse.
There were three expert witnesses offered and accepted at trial. The two property appraisers offered by Trustees were accepted by Indico as experts. It is the third person, the expert offered by Indico, whose qualifications were challenged below and here. The record reveals that the witness, George Dricsas, was not a real estate appraiser and was offered not as an expert in appraisal, but as an expert in "property value." He testified that he dealt with commercial mortgages and did financial consulting as a commercial loan officer for a mortgage house. His opinions of property were based on determinations "if the land would go for rent and what it is currently worth and what amount it would go for on a loan... ." (T-72) In other words, he gave opinions as to whether the property was "credit worthy."
On voir dire examination by counsel for Trustees he stated that he had been to Bay County, Florida, about three times, the most recent of which had been four or five years before the trial. He had never given an opinion for a local lending institution in the area and had never testified before as an expert in Florida. Trustees' objection to his being accepted as an expert witness was overruled.
Although the trial court has broad discretion in determining whether one proffered as an expert witness should be accepted as such, this discretion is not unbridled. Rule 1.390(a), Fla.R.Civ.P., defines an expert witness as:
The term "expert witness" as used herein applies exclusively to a person duly and regularly engaged in the practice of his profession who holds a professional degree from a university or college and has had special professional training and experience or one possessed of special knowledge or skill about the subject upon which he is called to testify. [Emphasis added]
In the instant case, the defense asserted to the claim for a deficiency decree was the adequacy of sale price at the foreclosure sale. As stated by this Court in Kurkjian v. Fish Carburetor Corporation, 145 So.2d 523 (Fla. 1st DCA 1962), the amount bid at the foreclosure sale is not conclusive on the issue of the value of the mortgaged property in considering a claim for deficiency, rather
The basic equitable doctrines applicable to the chancellor's discretion in determining the propriety of granting or refusing the entrance of a deficiency decree in mortgage foreclosure proceedings are founded upon the principle that he may *906 properly inquire into all facts and circumstances, including the adequacy or inadequacy of the sales price, prior to entering his decree. 145 So.2d at 527.
See also Jonas v. Bar-Jam Corp., 170 So.2d 479 (Fla. 3d DCA 1965).
As further noted in R.K. Cooper Construction Co. v. Fulton, 216 So.2d 11 (Fla. 1968), the trial court has the duty and discretion to inquire into the reasonable and fair market value of the property sold, adequacy of sale price, and relationship, if any, between the foreclosing mortgagee and the purchaser at the sale. It was the issue of the reasonable and fair market value of the property sold for which Dricsas' testimony was offered. However, Dricsas was not presented as an expert in fair market value of property, that is, the price a willing buyer would pay a willing seller, and he was not shown to be knowledgeable about property and property values in the Bay County area. See State Road Department v. Outlaw, 148 So.2d 741 (Fla. 1st DCA 1963). His stated area of expertise was that of determining the credit worthiness of commercial property, that is, the amount it would go for on a loan. Although he was perhaps an expert in valuation of property for one purpose, he was not shown to be an expert for the purpose for which he was offered.
In Prohaska v. The Bison Co., Inc., 365 So.2d 794 (Fla. 1st DCA 1978), the evidence established that the proffered witness was qualified to testify concerning methods and procedures of injection molding plastic components, but the subject he was called upon to testify to was the structural sufficiency of the design of lock sets. This Court reversed the trial court's admission of him as an expert witness "in areas beyond the realm of any experience or expertise possessed by him."
Similarly, we find that the admission of Dricsas' testimony as to the reasonable and fair market value of the subject property on the date of sale was error. Even if it had not been error initially to accept Dricsas as an expert on this subject, it would have been error for the trial court to deny Indico's motion to strike Dricsas' testimony after he admitted that to express an opinion as to value of real estate with some degree of credibility, he had to have the feel of the local market and of the position of financial institutions, information about real estate sales and listings, opinions of brokers and real estate salesmen, and information as to the general status of the local economy and that he did not have that information for September of 1977, the month of the foreclosure sale. In short, he testified that he did not have the information that he needed to express an informed opinion on the subject at issue.
Our ruling on the question relating to the expert witness requires that this cause be reversed and remanded for a new trial because it is evident that the trial court relied on Dricsas' testimony. The experts presented by Trustees testified that the fair market value of the property on the date of sale was less than the amount bid in at the foreclosure sale by Trustees. Thus, their testimony would support a finding that Trustees should recover the entire amount requested in the motion for deficiency judgment, the difference between the amount stated in the final judgment and the amount bid at sale plus interest and costs, $2,968,784 (rounded to the nearest whole dollar). On the other hand, Dricsas placed the fair market value of the property in the neighborhood of $10,000,000. Thus, his testimony would support the denial of the motion for deficiency judgment or the allowance of a lesser amount than that prayed for. Since the trial court entered a deficiency decree for $438,473, it obviously placed greater weight on Dricsas' testimony as to value.
Furthermore, since we are reversing and remanding the cause based on the erroneous admission of and reliance on Dricsas' testimony, we need not reach the issues raised concerning the amount of deficiency awarded in the judgment under review. Suffice it to say that when a deficiency decree is entered for less than the amount due and owing, the judgment must be supported by established equitable principles *907 and the record must disclose sufficient facts and circumstances to justify the judgment. Carlson v. Becker, 45 So.2d 116 (Fla. 1950).
Finally, Trustees cite as error the trial judge's statement of his intention to consult with the judge who handled the foreclosure step of this transaction, before he rendered his opinion. We consider that counsel's action in stating to the trial judge that there was a "problem" with the stated intention in that the former Judge was, at the time of trial, a member of the law firm representing Indico, while not phrased as an objection, was sufficient to call the trial court's attention to the error or potential error and to preserve this question for our review.
While we recognize, as Indico points out, that the record does not establish that the trial judge actually did consult with the former Judge, the record leaves a clear impression that the trial judge maintained his intention to do so even after counsel spoke up. If the trial judge did make an ex parte communication concerning this proceeding, it was improper. Canon 3(A)(4), Code of Judicial Conduct. Upon remand of this cause the trial judge must disclose whether he did contact the former Judge concerning this matter and, if he did so, he should disqualify himself from presiding at the retrial.
REVERSED and REMANDED for a new trial.
McCORD and THOMPSON, JJ., concur.