482 So.2d 534 (1986)
Carl E. BARNARD, and Wife, Louise Barnard and Barnard Development Company, Appellants,
v.
FIRST NATIONAL BANK OF OKALOOSA COUNTY, Appellee.
No. BF-28.
District Court of Appeal of Florida, First District.
February 4, 1986.
*535 William E. Bond, Jr., and Millard L. Fretland, of Clark, Partington, Hart, Hart & Johnson, Pensacola, for appellants.
Michael Wm Mead, Fort Walton Beach, for appellee.
SHIVERS, Judge.
This is an appeal from a deficiency judgment entered in favor of appellee, First National Bank of Okaloosa County. We reverse.
The appellants in this case initially purchased the property in question in 1966, as part of a larger parcel which they intended to develop into a subdivision. In 1982 they borrowed $50,000 from appellee, mortgaging seven residential lots in the subdivision as security for the loan. At the time of the loan the appraisal of the seven lots reflected a total value of $87,000.
Appellants defaulted on the loan in 1983 and a final judgment of foreclosure was entered in favor of appellees in the amount of $67,267.46 (including principal, interest, taxes, costs and attorney's fees). A foreclosure sale was held on August 14, 1984 at which appellee, the only bidder at the sale, purchased the property for $51,229.49. Appellee then filed a motion for a deficiency judgment on the basis that the amount bid at the foreclosure sale was insufficient to pay the judgment.
At the deficiency hearing appellants presented expert testimony that the fair market value of the seven lots was $96,000 on the date of the foreclosure sale. Appellants also introduced into evidence an appraisal of the lots made by the appellee in January of 1984 (reflecting a total value of $74,000) and an appraisal made by appellee in April of 1984 (reflecting a "cash sale" value of $65,000). The only evidence presented by the appellee regarding fair market value at the time of the sale was the amount of the appellee's bid. On January 24, 1985, the trial court entered a deficiency judgment in favor of appellee in the amount of $9,892.56.
Appellants argue on appeal that the trial court erred in granting deficiency judgment since the uncontroverted expert testimony at the hearing revealed that the fair market value of the property at the time of the foreclosure sale exceeded the amount of the debt. We agree.
We have held that the court is authorized to deny a deficiency if the fair market value of the property exceeds the amount of the debt at the time of the foreclosure sale. Hamilton Investment Trust v. Escambia Developers, Inc., 352 So.2d 883 (Fla. 1st DCA 1977). We have also held that the amount bid at the foreclosure sale is not conclusive on the issue of the mortgaged property's value. Trustees of Central States Southeast and *536 Southwest Areas, Pension Fund v. Indico Corporation, 401 So.2d 904 (Fla. 1st DCA 1981); Kurkjian v. Fish Carburetor Corporation, 145 So.2d 523 (Fla. 1st DCA 1962). The trial court has the duty and discretion to inquire into the fair market value of the property, the adequacy or inadequacy of the sale price, and the relationship, if any, between the foreclosing mortgagee and the purchaser at the foreclosure sale. Indico Corporation, supra; R.K. Cooper Construction Company v. Fulton, 216 So.2d 11 (Fla. 1968).
In light of the facts and the evidence in this case, the trial court abused its discretion in granting a deficiency judgment. The undisputed expert testimony showed the fair market value of the seven lots at the time of the sale to be substantially in excess of the debt owed to appellee. Further, the purchaser and the mortgagee were one and the same and the mortgagee was the only bidder at the foreclosure sale. Last, fair market value has been defined as "the sum arrived at by fair negotiation between an owner willing to sell and a purchaser willing to buy, neither being under pressure to do so." Flagship Bank of Orlando v. Bryan, 384 So.2d 1323 (Fla. 5th DCA 1980). A witness for the appellee admitted at the deficiency hearing that the bank was under pressure to sell the lots and that its bid was lowered because the bank would not be able to sell the lots for what they were worth. The bid price was therefore more an indication of a "quick sale" value than of the property's true fair market value.
For the reasons stated above, the deficiency judgment entered by the trial court is REVERSED.
MILLS and ZEHMER, JJ., concur.