512 So.2d 228 (1987)
MUNICIPAL SAVINGS & LOAN CORPORATION, Appellant,
v.
F. FIORENTINO; North Bay Mortgage Group, Inc.; Jacob Friessen; Malcolm Gilles; Diana E. Ryback; Brian R. Dyce; Vernon J. Oskey; and Ervin Pentel, Appellees.
Nos. 86-1910, 86-2076, 86-2404, 86-2412 and 86-2450.
District Court of Appeal of Florida, Third District.
August 11, 1987.
Rehearing Denied October 5, 1987.
Horton, Perse & Ginsberg and Mallory Horton, Broad & Cassell, Miami, for appellant.
Simon & Moskowitz and Michael Moskowitz and Monica T. Salis, Ft. Lauderdale, for appellees.
Before SCHWARTZ, C.J., and HENDRY and HUBBART, JJ.
PER CURIAM.
This is a consolidated appeal from four separate trial court orders entered upon motions for a deficiency judgment in nine mortgage foreclosure and guarantee enforcement actions. These actions fell before four separate trial judges below and involve a total of twenty-six condominium units in the same condominium apartment building. Three of the trial court orders deny the motion for deficiency judgment; the last trial court order grants such a motion and enters a deficiency judgment. The mortgagee in each of these actions appeals the three orders denying its motions for a deficiency judgment; the mortgagor/guarantors in each of those actions appeal the only order entering a deficiency judgment. For the reasons which follow, we affirm the three orders denying a deficiency judgment and reverse the order entering a deficiency judgment.
First, we have no difficulty in concluding that the trial judge who heard the first motion for a deficiency judgment  Circuit Judge Richard Hickey  did not abuse his discretion in denying the mortgagee's motion *229 for a deficiency judgment. There was a sufficient evidentiary basis upon which the trial court could have concluded as he did, that the fair market value of the condominium units purchased by the mortgagee exceeded the amount of the debt at the time of the foreclosure sale. We have carefully considered the mortgagee's arguments to the contrary but are not persuaded thereby. This being so, there was obviously no basis for a deficiency judgment in this action because the mortgagee, in fact, suffered no financial loss. We, accordingly, affirm this order. Barnard v. First Nat'l Bank of Okaloosa Cty, 482 So.2d 534 (Fla. 1st DCA 1986); Wilson v. Adams & Fusselle, Inc., 467 So.2d 345 (Fla. 2d DCA 1985); Hamilton Inv. Trust v. Escambia Developers, Inc., 352 So.2d 883 (Fla. 1st DCA 1977).
Second, we equally have no difficulty in concluding that the trial judge who heard the second motion for a deficiency judgment  Circuit Judge Sidney Shapiro  did not abuse his discretion in denying that motion for a deficiency judgment. There was a sufficient evidentiary showing  indeed, the identical evidentiary showing as was made in the first case before Judge Hickey  upon which the trial judge could, and did, conclude that the fair market value of the condominium units purchased by the mortgagee exceeded the amount of the debt at the time of the foreclosure sale. There being no financial loss to the mortgagee, we accordingly affirm this order. Barnard v. First Nat'l Bank of Okaloosa Cty, 482 So.2d at 534; Wilson v. Adams & Fusselle, Inc., 467 So.2d at 345; Hamilton Inv. Trust v. Escambia Developers, Inc., 352 So.2d at 883.
Third, we also have no difficulty in concluding that the third trial judge who heard the third motion for a deficiency judgment  Circuit Judge Edward Moore  was entirely correct in denying the said motion based on collateral estoppel grounds. Based on identical real parties in interest, identical issues, and identical evidence, Judges Hickey and Shapiro had denied prior motions by this same mortgagee against the same mortgagors and guarantors involving identically valued condominium units in the same condominium apartment building. Judge Moore was bound by the prior denials and correctly denied the motion in the case before him. Seaboard Cost Line R.R. v. Cox, 338 So.2d 190 (Fla. 1976); United States Fidelity & Guar. Co. v. Odoms, 444 So.2d 78 (Fla. 5th DCA 1984); Husky Indus. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982).
Finally, we conclude that the last trial judge  Circuit Judge Fredricka Smith  was in error in entering a deficiency judgment. Based on identical real parties in interest, identical issues, and identical evidence, Judges Hickey and Shapiro had denied virtually identical motions for a deficiency judgment. Judge Smith was bound by those rulings based on the doctrine of collateral estoppel. We, accordingly, reverse the deficiency judgment entered by Judge Smith and remand the cause to the trial court with directions to deny the mortgagee's motion for a deficiency judgment. Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977); Lorf v. Indiana Ins. Co., 426 So.2d 1225 (Fla. 4th DCA 1983).
Affirmed in part; reversed in part and remanded.