WALDEN, Judge.
This appeal concerns the entitlement to monies collected by a receiver during the course of a mortgage foreclosure action.
*1381 Barnett Bank held a first mortgage upon an office building owned by appellee, Trizak Financial Plaza. The mortgage contained language giving Barnett a security interest in, among other things, all rents accruing from the premises, plus, in case of foreclosure, it was provided that the court shall appoint a receiver to collect the income, rents, etc. Foreclosure occurred and a receiver was appointed. The receiver collected substantial rents and paid out sums for expenses.
Appellant, William C. Field, Inc., a Florida Corporation, d/b/a Field of Florida, was a judgment creditor of Trizak Financial Plaza, Inc., and Field caused the issuance of a writ of garnishment which was served upon the receiver.
State Federal Savings and Loan Association of Lubbock, Texas, assumed Barnett’s position as Plaintiff. On April 7, 1986, State Federal, at the forced sale of the property, bid in the whole amount of the mortgage debt and thereby purchased the property.
Without further delineating the shuffling of the parties and nonessential details, we hold that monies collected by the receiver after the issuance of a certificate of title to State Federal as a consequence of the foreclosure sale, less a proportional part of the receivers’ expenses, are the property of State Federal Savings and Loan Association of Lubbock, Texas. Monies collected by the receiver prior to the issuance of such certificate of title to State Federal, less a proportionate part of the receiver’s expenses shall be the property of the gar-nishor, Field of Florida, to the extent same may be necessary to satisfy Field’s claim. In the event there may be a sum remaining in the receiver’s hands following the apportionment herein prescribed, such sums shall be the property of the original title holder, Trizak Financial Plaza. See Tymber Skan Properties, Ltd. v. Lutheran Mutual Life Insurance Company, 358 So.2d 1370 (Fla. 2d DCA 1978).
We reverse and remand for further proceedings consistent herewith.
DOWNEY and WALDEN, JJ., and WINIFRED J. SHARP, Associate Judge, concur.