PER CURIAM.
This is a consolidated appeal from three separate judgments of foreclosure. We affirm in part, reverse in part, and remand.
Mortgagor, Alexander Howell (Howell), owned several buildings which were encumbered by mortgages and notes held by mortgagee, Miriam Gaines (Gaines), and mortgagee, Frank Bramson (Bramson). Gaines filed two foreclosure actions against Howell on two separate properties. Bramson foreclosed against Howell on another property.
In all three cases, each trial court appointed a receiver pursuant to the following mortgage provision:
In the event of a default in any of the terms of this mortgage and the filing of a bill to foreclose this mortgage, the mortgagee shall be entitled to apply at any time without notice, pending such foreclosure suit, to the court having jurisdiction thereof, for the appointment of a receiver of all and singular the mortgaged property and of all the rents, incomes, profits, issues and revenues thereof, from whatsoever source derived, and thereupon it is hereby expressly covenanted and agreed that the court may forthwith appoint a receiver for said mortgaged property, and of such rents, incomes, profits, issues and revenues thereof, with the usual powers and duties of receivers in like cases, and such appointment shall be made by such court as a matter of strict right to the mortgagee, and without reference to the adequacy or inadequacy of the value of the property hereby mortgaged, or to the solvency or insolvency of the mortgagor, and such rent, profits, income, issues and revenues shall be applied by the receiver to the payment of the mortgage indebtedness, costs and charges, according to order of court.
During the pendency of the foreclosure, rents were accruing in the receiver’s accounts. In all three cases, a judgment of foreclosure was entered and in each case, the mortgagee was the successful bidder at the foreclosure sale. Subsequently, Gaines and Bramson moved to discharge the receiver and to have the receiver pay them the accrued rents. Howell objected and moved that the accrued rents be paid to him.
In Gaines I (Case No. 91-2612), and Gaines II (Case No. 92-584), the parties stipulated:
The fair market value of the real property encumbered by the mortgage which was the subject of foreclosure in this case equals or exceeds the amount of the foreclosure judgment entered herein and equaled or exceeded such amount (plus accrued interest) on the date of the foreclosure sale in this case.
There was no stipulation of fair market value in Bramson (Case No. 91-2342).
In Gaines I, the trial court awarded the receiver’s funds to Howell, the mortgagor. In Gaines II and Bramson, the trial court awarded the receiver’s funds to Gaines and Bramson, the mortgagees.
On appeal, Howell asserts that when a mortgagee is fully satisfied by receiving title to property with a fair market value equal to or exceeding the judgment, then the mortgagor is entitled to the rents held by a receiver. Gaines and Bramson contend that, regardless of the fair market value, the court must look at the bid amount to determine whether or not there is a deficiency. Thus, Gaines and Bramson argue that because their bids were less than the debts on the properties, there is a deficiency, payable out of the receiver’s account.
The central issue in this appeal is whether rents collected and held by a receiver during a pending foreclosure action, should be awarded to the mortgagee or the mortgagor, when the fair market value of the property equals or exceeds the amount of the foreclosure judgment.
Gaines and Bramson rely on Tymber Skan Properties Ltd. v. Lutheran Mutual Life Insurance Company of Waverly, Iowa, 358 So.2d 1370 (Fla. 2d DCA 1978), for the proposition that the actual bid of the mortgagee should be credited against the total indebtedness, and if there is any deficiency remaining it is payable out of *66 the receiver s account. However, Tymber Skan is distinguishable from this case because in Tymber Skan there was no stipulation as to fair market value.
Here, in Gaines I and Gaines II, the parties stipulated that the fair market value of the property equals or exceeds the amount of the foreclosure judgment. Gaines and Bramson argue that the court should look only at the bid amount in determining whether or not there is a deficiency. However, case law is clear that the amount of the bid does not conclusively establish market value:
We have also held that the amount bid at the foreclosure sale is not conclusive on the issue of the mortgaged property’s value. Trustees of Central States Southeast and Southwest Areas, Pension Fund v. Indico Corporation, 401 So.2d 904 (Fla. 1st DCA 1981); Kurkjian v. Fish Carburetor Corporation, 145 So.2d 523 (Fla. 1st DCA 1962). The trial court has the duty and discretion to inquire into the fair market value of the property, the adequacy or inadequacy of the sale price, and the relationship, if any, between the foreclosing mortgagee and the purchaser at the foreclosure sale. Indico Corporation, supra; R.K. Cooper Construction Company v. Fulton, 216 So.2d 11 (Fla.1968).
Barnard v. First National Bank of Okaloosa County, 482 So.2d 534, 535-36 (Fla. 1st DCA 1986).
When the fair market value of the property on the date of the foreclosure sale exceeds the debt owed, the court may deny a deficiency judgment. Community Bank of Homestead v. Valois, 570 So.2d 300 (Fla. 3d DCA 1990); Municipal Savings & Loan Corp. v. Fiorentino, 512 So.2d 228 (Fla. 3d DCA 1987); Spencer v. American Advisory Corp., 338 So.2d 62 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 953 (Fla.1977).
We hold that in Gaines I and Gaines II, the stipulation of the parties was binding, and the fair market value of the property equaled or exceeded the amount of the foreclosure judgment. Therefore, there was no deficiency. Gaines was fully satisfied by receiving the properties and was not entitled to receive the funds held by the receiver. The receiver’s funds should be awarded to Howell because monies collected by a receiver prior to title passing to the mortgagee, belong to the the mortgagor, after the receiver has collected his fee and the mortgagee is satisfied. See R.K. Cooper Construction Company v. Fulton, 216 So.2d 11 (Fla.1968); William C. Field, Inc. v. Trizak Financial Plaza, Ltd., 528 So.2d 1380 (Fla. 4th DCA 1988). To award the accrued rents to Gaines would create a windfall, defeating equitable principles. See, e.g., Federal Deposit Insurance Corporation v. Hy Kom Development Company, 603 So.2d 59 (Fla. 2d DCA 1992).
Further, we hold that in Bramson, the trial court is required to inquire into the fair market value of the property, see Barnard v. First National Bank of Okaloosa County, 482 So.2d at 536, and upon ascertaining that amount, determine whether or not there is a deficiency.
Accordingly, we affirm Gaines I (Case No. 91-2612), awarding the accrued rents to Howell; we reverse Gaines II (Case No. 92-584), awarding the accrued rents to Gaines and we remand for the accrued rents to be awarded to Howell; and we remand Bramson (Case No. 91-2342) for determination of the fair market value of the property, and for an award of the accrued rents in conformity with this opinion.