ALTENBERND, Judge.
Westbury Properties, Inc. (Westbury) appeals a summary judgment denying foreclosure in its action against Princess Recreation, Inc., and other defendants. The trial court granted summary judgment because it concluded that the obligation secured by Westbury’s mortgage had been satisfied when Westbury purchased the property at an execution sale during the pendency of its foreclosure proceeding. Under the unusual facts presented in this case, we conclude that the trial court should not have entered summary judgment in the foreclosure proceeding. Accordingly, we reverse.
Westbury loaned $1,900,000 to Frank Car-dillo, Connie Cardillo, Stuart O. Kaye, and Princess Recreation in September 1989. The loan was secured by a mortgage on Princess Park, an eleven-acre amusement park in Collier County. On April 4, 1991, Westbury filed a mortgage foreclosure action alleging that the mortgagors had defaulted on the note. An amended complaint added several parties, primarily contractors with junior construction liens. One of the added parties, Ann Cardillo, holds a mortgage that West-bury maintains is both junior and fraudulent.
In October 1991, Westbury filed a separate suit on the promissory note. That suit also sought judgment on certain guarantees and included a count alleging a fraudulent transfer to Ann Cardillo. The trial court consolidated that suit with the foreclosure action.
Before the foreclosure action was resolved, Westbury obtained a partial summary judgment on the promissory note in June 1992. That judgment awarded Westbury more than $2,200,000 against Princess Recreation, Stuart O. Kaye, Frank Cardillo and Connie Cardillo. Thereafter, Westbury obtained partial summary judgments in August and September in the foreclosure action. These orders established the superiority of West-bury’s mortgage over many of the junior lienholders, but did not order the property sold to satisfy the promissory note. Apparently, a final judgment in the foreclosure action was not obtained at that time due to Ann Cardillo’s conflicting mortgage and the unresolved questions concerning its validity.
For some reason, Westbury decided not to wait for a foreclosure judgment and sale. Instead, it executed upon the amusement park to satisfy the judgment that it had obtained on the promissory note. It arranged for a sheriffs sale of the property on September 8,1992. Westbury purchased the property at that sale for five dollars.[1]
After this sale, Ann Cardillo moved for summary judgment in the foreclosure action. She argued that the obligation underlying Westbury’s mortgage had been satisfied by the sheriffs sale because the true value of the land exceeded the amount owed on the promissory note. Additionally, she argued that Westbury’s purchase of the property caused a merger of the mortgage with the title. The trial court conducted an evidentia-ry hearing and determined that the amusement park was worth $3,050,000 at the time of the sheriffs sale. Based on this finding, it dismissed the foreclosure action with prejudice, but allowed the claim alleging a fraudulent conveyance to Ann Cardillo to remain pending.
Westbury argues on appeal that the trial court lacked an adequate basis in the record to determine that the property was worth $3,050,000, and that its foreclosure action should not have been dismissed. While we believe there was an adequate factual basis for the trial court to value the property as it did, this is not a claim for a deficiency judgment and we are not convinced that the fair market value of the land is dispositive of Westbury’s right to foreclose. We conclude that the sheriffs sale did not merge the mortgage into the title and that the foreclosure action should continue. The fore *521 closure action is not barred by any election of remedies.
Some very practical problems concerning the junior liens arise from the trial court’s ruling. Because Westbury arranged for the sale of this amusement park at a sheriffs sale, it was sold subject to existing liens. See Holland v. State, 15 Fla. 455 (1876). See also § 56.25, Fla.Stat. (1991); 33 Fla.Jur.2d Judicial Sales § 34 (1982). A third party purchasing this property at the sale would have received a title encumbered both by Westbury’s mortgage and by the other junior liens. The dismissal of the foreclosure action causes Westbury to lose its rights as a mortgagee. As purchaser of the property at the sheriffs sale, Westbury owns the property subject to all of the junior liens. The partial summary judgment in the foreclosure action, which had declared Westbury’s mortgage superior to all of the junior liens, no longer has any practical effect. The summary judgment dismissing the foreclosure action effectively declares that Westbury, by purchasing the property at the sheriffs sale, has lost its right to foreclose the interests of all the junior lienholders.
Although the property may have a fair market value in excess of $3,000,000, there is no reason to judicially declare that someone would pay that amount at a future foreclosure sale. If Westbury ultimately purchases the property at a foreclosure sale for a minimal price, it may not be able to obtain a deficiency judgment because of the fair market value of the property, but it will successfully foreclose the interest of all of the liens inferior to its mortgage. See Howell v. Gaines, 608 So.2d 64 (Fla. 3d DCA 1992); Liberty Business Credit Corp. v. Schaffer/Dunadry, 589 So.2d 451 (Fla. 2d DCA 1991).
As a general rule, whether a conveyance of fee simple title to a mortgagee results in a merger depends upon the intent of the person in whom the interests are united. Ennis v. Finanz und Kommerz-Union Establ., 565 So.2d 374 (Fla. 2d DCA 1990). There is a presumption against such a merger if it is not beneficial to the party who possesses both interests. Jackson v. Relf, 26 Fla. 465, 8 So. 184 (1890). There is nothing in this record to establish that West-bury intended a merger when it obtained title to the property at the sheriffs sale. Indeed, the pending foreclosure action would evidence an intent to avoid a merger. This case is distinguishable from Janus Properties, Inc. v. First Florida Bank, N.A., 546 So.2d 785 (Fla. 2d DCA 1989). In Janus Properties, the bank not only obtained title to the property but it also recorded a satisfaction of its mortgage. There is no recorded satisfaction in this case.
Finally, there is no basis to conclude that the judgment on the promissory note and the resulting sheriffs sale constituted an election of remedies. That doctrine applies to prevent a double recovery when two remedies are coexistent and inconsistent. Barbe v. Villeneuve, 505 So.2d 1331 (Fla.1987). This case does not involve such remedies.
Reversed and remanded.
PARKER, A.C.J., and LAZZARA, J., concur.

. From the discussion at oral argument, it appears that Westbury decided to have a sheriff's sale in order to control the property and prevent waste during its foreclosure action. In a sense, it was using the sheriff's sale in lieu of a receiver. Whatever Westbury's reason for this decision, there is nothing in this record to suggest that its motives were improper.