JOHN KARAFILAKIS, *et al.,* v. ARISTOCRATIS STAVROULAKIS.

150 So. 277.
Division A.
Opinion Filed October 9, 1933.

*Phillips & Thompson,* for Appellants;

*J. C. Davant,* for Appellee.

DAVIS, C. J.—Bill of complaint was filed praying dissolution of a partnership. The subject matter of the suit was a boat named the "Colonel Lindbergh," which it was alleged, had been built for the purpose of making trips into the Gulf of Mexico for the purpose of gathering sponges

on a partnership basis, the boat being a part of the partnership property, each partner owning an undivided one-third interest in it. The court appointed a receiver without notice. From that order, and a subsequent order refusing to vacate the receivership, this appeal is taken.

The bill alleges that the boat has been mismanaged in the past and that it was the intention of the defendant, John Karafilakis, to immediately man the boat and take it out into the Gulf of Mexico for the purpose of gathering sponges. Accounting and a winding up of the partnership by ordering a sale of the boat and a distribution of its proceeds, was prayed. Motion to dismiss the bill was interposed in connection with an answer that set up certain specific defenses to the bill.

While in suits between partners for an accounting, dissolution and settlement after dissolution of the partnership, a receiver for the partnership property is not appointed, as of course, yet whenever the intervention of a court of equity in such matters has become necessary to effect a settlement or closing of the partnership, and it appears that the principal items of partnership property is a vessel about to be taken by one of the parties out upon the high seas, beyond the jurisdiction of the court, we think the appointment of a receiver under the circumstances may be likened unto the granting of a writ of *ne exeat* and is largely to be determined by the same principles, in order to prevent the likelihood that the jurisdiction of the court may be lost by inadvertence or design by the removal of the vessel beyond the court's jurisdiction. See Allen v. Hawley, 6 Fla. 142, 63 Am. Dec. 198.

Whether or not the boat should be held under receivership by being kept in port, or should be operated by the receiver pending the suit, or should be released on bond to

the partner in control of it, are questions so largely within the Chancellor's sound discretion to determine as matters of policy, that we find no occasion to interfere except in a clear case of abuse, which this case does not appear to be.

Orders affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.