The Prudence Company, *et al.,* v. Thomas E. Garvin and J. E. Lind, as Trustees, *et al.*

160 So. 7.
Opinion Filed December 6, 1934.
Petition for Rehearing Granted December 21, 1934.
On Rehearing January 12, 1935.

*Milam, McIlvane & Milam,* for Appellants;

*Richard H. Hunt* and *Carlos L. Edwards,* for Appellees.

Buford, J.—The appeal here is from an order appointing a Receiver.

It is contended by the appellant that the order appointing the Receiver is erroneous because the appellee was not entitled to the appointment of a Receiver in view. of the fact that the mortgage - sought to be foreclosed in this case against a certain piece of property was in the process of foreclosure against other parcels of property also included in the mortgage.

It is contended that because suit had been instituted against certain parcels of land included in the mortgage that an additional suit could not be maintained to foreclose the same mortgage as against other property included

therein. We do not think that position is tenable where it is alleged in the second foreclosure suit that the sale of the property described in the first suit will not be sufficient to satisfy the claim of the mortgagee foreclosing in the second suit and further that complainant will not be able to realize enough from the proceeds of both suits to satisfy the mortgage indebtedness due to the complainant. Knowles v. Lawton, 18 Ga. 476, 63 Am. Dec. 290; Hawe, *et al.,* Godfrey Snydaker, *et al.,* 86 Ill. 198. In Jones on Mortgages, Vol. 3, page 237, we find the rule stated thus: "If one holds two mortgages on different parcels of land, or one mortgage on two parcels of land, to secure the same debt, in the absence of any equities in subsequent purchasers he may foreclose either one without the other; and a foreclosure of one will bar a foreclosure of the other *only* where the land foreclosed is equal in value to the debt." (Italics supplied.)

The allegations of the pleadings show that there are no intervening equities in favor of purchasers for value without notice.

The record as a whole discloses that there was no abuse of judicial discretion in the appointment of a Receiver.

The order appealed from should be affirmed. It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

### ON REHEARING.

PER CURIAM.—After opinion and judgment was filed in this case on December 6th, rehearing was granted and pursuant thereto the Court has heard the arguments of counsel for the respective parties and has reconsidered the briefs and record herein.

The suit was instituted in the lower court by the filing of a bill of complaint by the Trustees seeking the cancellation of certain conveyances and encumbrances and to have certain property described therein placed in the charge and custody of Receiver, which Receiver had been theretofore appointed by the court. Answer under oath was filed by the Prudence Company, Inc., and Warren Corner Holding Company, a corporation. Then M. A. Smith as Liquidator of Meyer-Kiser Bank of Miami after consent of the court had and obtained, filed an intervention and cross bill, the Liquidator claiming to be the holder of 48 bonds of the issue secured by a trust deed and being between two and three per cent. of the total amount of the issue. The Liquidator further claimed that certain property described in his cross bill had been released from the force and effect of the trust deed without the knowledge or consent of the owner of such 48 bonds and in fraud thereof and prayed foreclosure of the trust deed as against certain property described in the bill of complaint to effectuate the payment in part of his said bonds and prayed, as did the original bill, for the appointment of a Receiver to take charge of the property, collect and impound the rents, issues and profits to be derived from the property *pendente lite*. With leave of the court, the bill of complaint was amended. Then Roscoe Martin as Receiver of Puritan Investment Company, filed answer.

On the matter being brought on for hearing the court appointed a Receiver to take charge of the property, protect the same and collect and impound the rents, issues and profits until the further order of the court.

From this order appeal was taken. There were several other steps shown by the record to have been taken between the date of the order appointing the Receiver and the date

of the filing of the notice of appeal, but the notice of appeal does not bring those matters here for our consideration.

In the judgment entered herein on December 6, 1934, we only held that the appellants had failed to show an abuse of discretion by the Chancellor in appointing a Receiver which would warrant a reversal of that order. We have not attempted to determine the merits of the controversy as presented by the bill of complaint, the cross bill of the intervenor and the answers of the defendants. The case is not before us on the merits. It was not before the Chancellor on the merits on bill and answer. We are unable to say that there is no equity in the bill of complaint. Neither can we say that there is no equity in the cross bill of the intervenor. The answers interposed contain sufficient allegations which, if proven to be true, are sufficient to constitute a good defense to the allegations both of the bill of complaint and of the cross bill, but the issues have not yet been made up and we are unable to foretell what further pleadings may be filed or what issues of fact may finally be required to be disposed of by the court below.

The appointment of Receiver is a matter which rests in the sound judicial discretion of the Chancellor and his action, either in denying such appointment or making such appointment, will be affirmed unless an abuse of discretion is made to appear. We cannot say from an inspection of the pleadings before us that in making the appointment of Receiver in this case there was an abuse of discretion warranting reversal by this Court. Therefore, our order of December 6th above referred to and the order appealed from stands affirmed.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.