PER CURIAM.
The trial court found that service upon an employee of an attorney was valid service on the appellant corporation. The attorney was the designated resident agent of the appellant corporation and his office had been designated as the corporate office. The employee was served at the attorney’s office between the hours of 10 A.M. to 12 noon on a normal working day.[1]
The trial court also appointed a receiver to facilitate the accomplishment of the purposes of a partnership. Among oth *793 er things, it empowered the receiver to arrange financing in order to continue the operation of the partnership and preserve its principal asset in order to accomplish an orderly winding up of the partnership affairs. We find no error in either ruling and affirm. Karafilakis v. Stavroulakis, 112 Fla. 303, 150 So. 277 (1933); Allen v. Hawley, 6 Fla. 142 (1855); Arison Shipping Company v. Klosters Rederi A/S, 259 So.2d 784 (Fla. 3d DCA 1972); Sec. §§ 48.081(3), 48.091, Fla.Stat. (1983). Compare State v. Tedder, 103 Fla. 1083, 138 So. 643 (1932).
Affirmed.

. The attorney was absent from the office at the time of service.