PER CURIAM.
On the single question which is in a posture for review,[1] we find no error in the trial court’s appointment of a receiver to preserve the single asset of a partnership pursuant to a winding up of its affairs. See Key Caisee Corp. v. Seashore Shell Co., 470 So.2d 792 (Fla. 3d DCA 1985). Since the trial court did not authorize the receiver to encumber the property with a $31 million mortgage there is no urgency to decide, on the present state of the record, whether development of the land, which is the sole asset, constitutes a “winding up of [partnership] affairs.” Further, an ultimate disposition of defendant’s timely motion to compel arbitration may render academic the instant exercise.
Affirmed.

. The trial court did not enter a written order on defendant/appellant’s ore tenus motion to compel arbitration.