ST. GEORGE ISLAND, LTD., Plaintiff

v.

SUN BANK, N.A., a national banking association, Defendant.

Bankruptcy No. 88–9112.

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Jan. 31, 1989.

James H. Post, Jacksonville, Fla., C. Edwin Rude, Jr., and John Barley, Tallahassee, Fla., for plaintiff.

Robert L. Mellen, Orlando, Fla., for defendant.

MEMORANDUM OF OPINION

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

THIS MATTER came on for hearing on defendant Sun Bank's motion for summary judgment. The complaint in this adversary proceeding filed by St. George Island, Ltd. (SGI), the debtor-in-possession seeks a declaratory judgment, injunctive relief, and other relief regarding certain promissory notes and mortgages held by Sun Bank and upon which final judgments of foreclosure have been entered in state court. By this action, SGI seeks to have this Court declare that as the result of the foreclosure and sale of a single piece of property, all indebtedness owed to Sun Bank should be deemed satisfied and the various mortgages it holds to secure that debt be turned over to SGI. This adversary proceeding follows several other proceedings in the administrative case in which SGI has sought essentially the same relief and has lost at every instance.

The facts of this case are totally undisputed. On September 18, 1984, Sun Bank and John Stocks, the general partner of SGI entered into a revolving loan agreement pursuant to which Stocks executed and delivered a promissory note to Sun Bank in the amount of $2,500,000. This note was secured by a mortgage on real property of SGI located on St. George Island in Franklin County, Florida. The note contained a "cross-collateralization" clause which provided that the collateral pledged would also secure all other liabilities due or to become due from Stocks to Sun Bank. On May 31, 1985, pursuant to a first amendment to the revolving loan agreement, Sun Bank loaned John Stocks an additional $400,000 in return for which Stocks executed a promissory note and an additional mortgage encumbering real property owned by SGI in Leon County and Wakulla County, Florida. This note contained a similar cross collateralization clause. On September 19, 1985, Sun Bank loaned to John Stocks an additional $600,000 pursuant to a second amendment to the revolving loan agreement and took as additional collateral real property owned by

John Stocks in Franklin County, Florida. As with the other notes, this note also contained the cross collateralization clause.

None of the sums reflected in the three (3) promissory notes totalling $3,500,000 were paid and on August 13, 1986, Sun Bank filed a foreclosure action in Leon County, Florida under the $400,000 note given pursuant to the first amendment to the revolving loan agreement. It received its final judgment and foreclosure in that action on June 22, 1987, and judicial sale was scheduled for July 10. This Chapter 11 was filed immediately prior to the sale and the foreclosure sale was stayed pursuant to § 362(a) of the Bankruptcy Code.

On August 14, 1986, Sun Bank filed its foreclosure action in Franklin County pursuant to the 2.5 million dollar loan seeking foreclosure of its mortgage on the debtor's property on St. George Island. No final judgment had been obtained with respect to this foreclosure action at the time this Chapter 11 case was filed.

On August 6, 1987, Sun Bank filed its motion for relief from the automatic stay seeking permission to go forward with both foreclosure actions. In addition to its 2.5 million dollar mortgage on the St. George Island property, Sun Bank asserted that the $1,000,000 in additional advances were also secured by that property, that it was subject to a judgment lien in favor of Leisure Properties, Ltd. in an amount well in excess of 1.2 million dollars and that it was also encumbered by a federal tax lien in excess of 2.2 million dollars. The only evidence of value offered by SGI with respect to the St. George Island property was an appraisal prepared in 1983 and updated in April of 1984, indicating a fair market value of $5,251,700. In view of the fact this value was substantially less than the aggregate of the liens encumbering the property, Sun Bank did not contest the valuation offered by the debtor and the Court found for purposes of the stay motion that the St. George Island property had a fair market value of $5,251,700. At hearing on Sun Bank's motion, neither party asserted that the $1,000,000 in additional advances pursuant to the revolving loan

agreement was not properly secured by the mortgages on the St. George property. However it was recognized that the priority of the lien securing the $1,000,000 was disputed. With respect to the Leon County property, the Court found that there was an equity cushion in the property and that the debtor was attempting to sell the property in order to realize that equity. The order entered by the Court vacated the automatic stay with respect to the St. George Island property and continued the stay with respect to the Leon County property. The debtor was required to sell that property within eight (8) months, a time calculated to afford ample opportunity for the sale but without the equity cushion being completely eroded through the accumulation of interest.

Pursuant to the order vacating the automatic stay with respect to the St. George Island property, Sun Bank proceeded with its foreclosure. At the hearing on final summary judgment in that action, Sun Bank moved and was allowed to amend its original complaint in order to allege that the $400,000 and $600,000 notes were also secured by the mortgage on the St. George Island property. The Circuit Court having reviewed the pleadings, affidavits, and depositions in the file found that the $400,000 and $600,000 loans were not secured by the mortgage on the St. George Island property and entered final judgment for Sun Bank with respect to the original 2.5 million dollar loan in the amount of $3,499,098.48. The judgment lien of Leisure Properties and the tax lien of the United States of America were determined to be subordinate to the mortgage lien secured by the 2.5 million dollar note to Sun Bank. The foreclosure sale pursuant to final judgment was duly scheduled and properly noticed, and was conducted on March 22, 1988. Sun Bank was the purchaser for the sum of $100,000. No deficiency judgment has been sought by Sun Bank with respect to that final judgment in foreclosure.

With respect to the Leon County property, no sale was conducted as directed by the Court and any equity cushion which may have existed in that property has now eroded. On June 20, 1988, Sun Bank filed

a renewed motion to have the stay lifted to enable it to go forward with its foreclosure sale. In response to Sun Bank's renewed motion, the debtor first raised the issues which it is seeking to litigate in this adversary proceeding. In its response to the renewed motion for relief of Sun Bank, the debtor advanced the position that as the result of its being the purchaser of the St. George Island property at the foreclosure sale, Sun Bank had received property with a value in excess of all of the indebtedness owed to it by John Stocks and that accordingly the $400,000 and $600,000 notes should be deemed paid and the collateral securing those notes be released from the mortgages.[1] The Court granted Sun Bank's renewed motion finding that SGI did not have any equity in the roperty and that it was not necessary for an effective reorganization. § 362(d)(2).

St. George Island, Ltd. moved the Court to alter or amend its order vacating the stay and supported its position with Florida case law holding generally that where one holds two mortgages on separate parcels of property to secure the same debt, the mortgagee may foreclose either mortgage but that the foreclosure of the second will be barred when the value of the property first foreclosed is equal to or in excess of the debt. *Symon v. Charleston Capital Corporation*, 242 So.2d 765 (Fla. 4th DCA 1970); *Waybright v. Turner*, 129 Fla. 310, 176 So. 424 (1937); *Prudence Company v. Garvin*, 118 Fla. 96, 160 So. 7 (1934). Those arguments were rejected by the Court in its order entered on September 22, 1988, on the basis that the State Court determination that the $400,000 and $600,000 notes were not secured by the mortgage on St. George Island property was collateral estoppel as to that issue and the cases cited by the debtor were not applicable.

That ruling of this Court is currently on appeal. The Court has granted the debtor a stay pending appeal conditioned on the posting of a supersedeas bond in the amount of $100,000.

In the instant adversary proceeding, the debtor is essentially seeking to accomplish the same result it has been unable to accomplish in defense of the stay relief proceedings. This complaint was filed shortly after this Court had rejected basically the same arguments in granting Sun Bank relief from the stay with respect to the Leon County property and at the same time ruling that the affirmative relief sought by the debtor in terms of turnover and accounting of funds and property were improperly raised in the context of a stay relief proceeding.

In this complaint the debtor is asking the Court to declare that the entire 3.5 million dollars principal indebtedness of John Stocks to Sun Bank has been satisfied by virtue of the foreclosure of the Franklin County property, to enjoin Sun Bank from any further action to collect such indebtedness or to foreclose upon collateral of the debtor pledged as security for those debts, and finally to require Sun Bank to turnover to the debtor any collateral held as security under the revolving loan agreement as amended. At the outset of this adversary, the debtor moved for a preliminary injunction seeking another stay of the Leon County foreclosure proceeding. That motion was denied on September 22, 1988, on the same grounds that the debtor's motion to alter or amend the order granting relief from the automatic stay with respect to the Leon County property was denied. Sun Bank filed its motion for summary judgment in this case on November 23, 1988, and the motion was heard on January 11, 1989. The debtor filed an affidavit in opposition to the motion for summary judgment at 6:36 p.m. on the evening immediately prior to the hearing on the motion. The affidavit signed by C. Edwin Rude, Jr., counsel for the debtor basically recites the course of state court proceedings in which the debtor is seeking to obtain relief similar to that it is seeking here. Debtor's counsel in his affidavit asserts that a factual issue exists regarding the value of security for Sun Bank's 2.5 million dollar loan to John Stocks and for the first time in any of

---

1. At hearing on Sun Bank's renewed motion, SGI presented no authority for its position and the Court vacated the stay with respect to the Leon County property.

these proceedings, raises a legal issue of judicial estoppel.

The only matter of law or fact now raised by the debtor which has not previously raised and decided against the debtor is the issue of judicial estoppel. The debtor now takes the position that since Sun Bank has in this Chapter 11 case and in the state court mortgage foreclosure proceedings with respect to the Franklin County property taken the position that the $400,000 and $600,000 promissory notes were also secured by the St. George Island property, it is now precluded under the doctrine of judicial estoppel from asserting that those two notes were not secured by the Franklin County mortgage. Thus, the debtor argues that notwithstanding the clear ruling of the Franklin County Circuit Court that those two notes were not secured by the St. George Island property, Sun Bank is bound by its earlier assertions that they were so secured and collateral estoppel does not preclude relitigation of that issue.

The doctrine of judicial estoppel generally bars a party from asserting a legal position contrary to an earlier position in the same or related litigation. "Its purpose is to prevent a party from playing fast and loose with the courts and to protect the essential integrity of the judicial process." *In re Gaye–Joy Corp., Inc.*, 84 B.R. 235, 237 (Bkrtcy.M.D.Fla.1988). The Fifth Circuit in *Texas Co. v. Gulf Refining Co.*, 26 F.2d 394 (5th Cir.1928) explained the concept of judicial estoppel when it stated

> A party, who in litigation with his adversary has, with knowledge of the facts, asserted a particular claim, title, or right, cannot afterward assume a position inconsistent with such claim, to the prejudice of the same adversary, who has acted in reliance on such claim as it was previously made; in other words, a party who for the purpose of maintaining his position in litigation has deliberately represented a thing in one respect, is estopped to contradict his own representation by giving the same thing another aspect in litigation with the same adversary as to the same subject matter. 26 F.2d at 397.

Judicial estoppel is an equitable rule which prevents a party from attempting to change the facts of a case to fit whatever theory seems to be most beneficial to it at the time. This Court does not find the doctrine of judicial estoppel to be applicable in this case. Sun Bank has not changed its theory or its facts. It is, instead, following the result of a final judgment of the state courts. It attempted to enforce its claim under the $400,000 and $600,000 notes against the St. George Island property in that foreclosure action and the Court ruled that the property did not secure those notes. Thus, the only security available for those notes was the security given at the time they were made. To hold that because Sun Bank once claimed that the notes were secured by the St. George Island property they are bound by that claim even in light of a judicial determination to the contrary flies in the face of common sense and of the equitable principles upon which the doctrine of judicial estoppel are based. Additionally, the Franklin County foreclosure action was not the same proceeding nor does this Court view it as sufficiently related to this action or the Leon County action for judicial estoppel to lie.

Accordingly, this Court finds that there are no genuine issues of material fact present in this case and that as a matter of law the defendant Sun Bank is entitled to judgment in its favor on both counts of the complaint. A separate final judgment will be entered accordingly.

DONE AND ORDERED.