566 So.2d 1343 (1990)
PUMA ENTERPRISES CORPORATION, Appellant,
v.
Gerard M. VITALE, Etc., et al., Appellees.
No. 90-909.
District Court of Appeal of Florida, Third District.
September 11, 1990.
Rehearing Denied October 12, 1990.
Buchbinder & Elegant, and Carolina A. Echarte, Miami, for appellant.
Michel Ociacovski Weisz, Miami, for appellees.
Before BASKIN, JORGENSON and GODERICH, JJ.
*1344 PER CURIAM.
The defendant, Puma Enterprises Corporation [Puma], appeals from the entry of a non-final order appointing a receiver without notice and a non-final order denying Puma's emergency motion to partially vacate the expanded receivership and to show cause. We affirm the orders as modified and remand with directions.
The plaintiffs/appellees are the limited partners and the various creditors of The Breakwater Hotel, Ltd. [Breakwater], a Florida limited partnership. The partnership owned a hotel in Miami Beach and sold it to Unified Investors Group Corp. [Unified] in April 1988. Unified executed a promissory note in the amount of $900,000.00 secured by a third mortgage in favor of Breakwater. Unified failed to pay on this note and Breakwater instituted a foreclosure action.
On January 5, 1990, the plaintiffs filed a complaint against Gerardo Sanchez and Nirva Sanchez, as general partners and individually, and certain limited partnerships, including Breakwater, for an accounting, for breach of fiduciary duty, on the promissory notes, for breach of contract, and for money lent. The plaintiffs alleged that the partnership assets were being wasted. The plaintiffs filed an emergency ex parte motion for the appointment of a receiver supported by affidavits and exhibits. The plaintiffs stated that a receiver was necessary to protect their assets and that they had been unable to obtain service of the complaint. The trial judge entered the order appointing a receiver without notice for all the assets belonging to the Breakwater and required the plaintiffs to post a $10,000.00 bond.
Prior to the appointment of the receiver, Breakwater assigned its $900,000.00 mortgage to Puma. Upon learning of the assignment, the plaintiffs filed an emergency ex parte motion to expand receivership. The trial judge granted the motion to expand the receivership to include Puma. The trial court did not order any additional bond to be posted. Puma filed a motion to partially vacate the expanded receivership alleging that Puma had no knowledge or notice prior to the assignment that there was ongoing litigation and that it was deprived of the use and enjoyment of its property without being afforded due process. The court denied the motion. Puma renewed the motion to vacate the receivership and the trial court again denied the motion. Puma filed this appeal.
The appointment of a receiver rests within the sound discretion of the trial court and, therefore, the trial judge's decision should not be disturbed unless an abuse of discretion is clearly shown. Welch v. Gray Moss Bondholders Corp., 128 Fla. 722, 175 So. 529 (1937); Prudence Co. v. Garvin, 118 Fla. 96, 160 So. 7 (1934). In the present case, the motion was supported by and incorporated five affidavits that alleged that: (1) Breakwater's sole asset is a $900,000.00 note secured by a third mortgage in its favor; (2) the general partner, Gerardo Sanchez, was in the process of renegotiating the mortgage without informing the plaintiffs; (3) the plaintiffs had not received an accounting of the partnership's assets or information of partnership business for at least a year, and believed the general partner would take actions that would render the partnership assets worthless or would abscond with the proceeds of the note and mortgage; (4) that the offices of the registered agent of the partnership were no longer open, nor could the general partner be found in the State of Florida; (5) the plaintiffs requested the appointment of a receiver to have notice of the partnership business and of the disposition of funds which may belong to the partnership; and (6) the motion should be granted ex parte since the general partner had been evading service of process, could not be served with the complaint, and further that notice could result in the note and mortgage being modified of record before relief could be granted. In addition, the receiver was properly appointed in accordance with Rules 1.620 and 1.610, Florida Rules of Civil Procedure (1989).
For these reasons, we find that the trial court did not abuse its discretion in appointing a receiver without notice to preserve *1345 Breakwater's sole asset. See Kosow v. Kovens, 473 So.2d 776 (Fla. 3d DCA 1985) (trial court properly appointed receiver to preserve single asset of partnership); Key Caisee Corp. v. Seashore Shell Co., 470 So.2d 792 (Fla. 3d DCA 1985) (trial court properly appointed receiver to facilitate accomplishment of purposes of partnership); Insurance Management, Inc. v. McLeod, 194 So.2d 16 (Fla. 3d DCA 1966) (temporary receiver appointed only to preserve property and protect rights of all parties); Karafilakis v. Stavroulakis, 112 Fla. 303, 150 So. 277 (1933) (trial court properly appointed receiver where boat about to be taken beyond court's jurisdiction); Apalachicola N.R. Co. v. Sommers, 79 Fla. 816, 85 So. 361 (1920) (receivers appointed to prevent fraud or to save property from injury or threatened loss or destruction).
We also find that the trial court did not abuse its discretion in expanding the receivership to include Puma in order to preserve the partnership's assets during the pendency of the lawsuit, the purpose of the initial receivership. See J.G. White Eng'g Corp. v. People's State Bank of Lakeland, 81 Fla. 35, 87 So. 753 (1921). "[T]he court making the appointment [of a receiver] may, at its discretion, during the pendency of the action make such further orders as are necessary and proper for the protection of the property and interests concerned." Abramson v. Brant, 141 So.2d 777, 778 (Fla. 3d DCA), cert. denied, 146 So.2d 752 (Fla. 1962); see also Hood v. Ocklawaha Valley R. Co., 78 Fla. 659, 84 So. 97 (1920). The receivership was expanded pursuant to the plaintiffs' motion showing that the partnership assets had been assigned to Puma without notice to the plaintiffs and under circumstances which indicated the intentional evasion of the plaintiffs or limited partners by the general partner. When faced with the possible dissipation of the only partnership asset, the trial court extended the receivership to Puma. For these reasons, we affirm the order expanding the receivership to include Puma. However, the order must be modified so as to require a bond that protects Puma and to increase the amount of the bond to $147,000.00. We find that the original $10,000.00 bond is insufficient where the record reflects that Puma paid $147,000.00 for the mortgage and note. See Belk's Dep't Store, Miami, Inc. v. Scherman, 117 So.2d 845 (Fla. 3d DCA 1960) (receiver required to post bond in adequate amount to be fixed by the court). A $147,000.00 bond should be sufficient to cover any costs and damages that Puma might sustain as a result of the appointment of the receiver.
The interlocutory orders appealed are affirmed with directions that upon remand the plaintiffs shall be required to post a $147,000.00 bond and thereby give good and sufficient surety to indemnify Puma for any loss it may sustain.
Affirmed as modified and remanded with directions.