# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2014.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D14-292
Lower Tribunal No. 11-25608

————————————

## Omar Romay, et al.,
Appellants/Cross-Appellees

vs.

## Caribevision Holdings, Inc., et al.,
Appellees/Cross-Appellants

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Gelber Schachter & Greenberg, and Adam M. Schacter, Dan Gelber, Freddy Funess and David M. Rogero, for appellants/cross-appellees.

Dorta & Ortega and Tricia Neimand, for appellees/cross-appellants.

Before WELLS, SALTER and FERNANDEZ, JJ.

SALTER, J.

Twelve parties to a circuit court lawsuit appeal or cross-appeal a non-final order appointing a "referee" for the primary purpose of "facilitating the corporate

board meetings" of a Delaware corporation (America-CV Station Group, Inc.), and a Delaware limited liability company (America-CV Network, LLC), each based in Hialeah Gardens, Florida. The plaintiffs in the case, appellees here, moved for the dissolution of the America-CV entities and for the appointment of a receiver or custodian pendente lite. We affirm the trial court's order on appeal and cross-appeal, writing only to address one aspect of the court's order.

The Romay Parties and the Caribevision Parties

The circuit court lawsuit is essentially a corporate divorce. The six plaintiffs below, appellees and cross-appellants here, are referred to as the "Caribevision Interests." These parties included a corporation and two limited liability companies organized in Delaware, two Mexican corporations, and a Spanish corporation, all having direct or indirect interests in producing and broadcasting television programs in the Caribbean.

The defendants below that have appealed the non-final order are Florida residents and corporations led by Omar Romay, referred to as the "Romay Interests." In 2009 and 2010, the Caribevision Interests and Romay Interests entered into what was ostensibly a 50%-50% joint venture to produce and broadcast television programs in Spanish to viewers in Miami, New York, and Puerto Rico. The parties formed the America-CV entities in Delaware, but with

2

corporate offices in Hialeah Gardens, as the entities to carry out the purposes of the joint venture.

Under the amended shareholders' and operating agreements for the America-CV entities, the ownership interests were divided equally between the Caribevision Interests and Romay Interests, and board and management interests were allocated in a similar manner. As acting chief executive officer of the America-CV entities, however, Omar Romay was also granted a tie-breaking vote.

The Caribevision and Romay principals later disagreed regarding the operations and financial commitments of the America-CV entities. The ventures could not conduct board meetings because they could not muster the quorum required in their organizing documents. Claims of financial wrongdoing and conflicts of interest were asserted. In 2011, the Caribevision Interests filed a complaint seeking damages from Romay and others, and ultimately a third amended complaint alleged that the America-CV entities were hopelessly deadlocked. In mid-2013, the Caribevision Interests moved for dissolution of, and appointment of a receiver for, the America-CV entities pursuant to Delaware law and the entities' organizing documents. The trial court granted the motion in part, and denied it in part, and this appeal and cross-appeal from that non-final order ensued.

Analysis

3

The trial court conducted a series of hearings on the receivership issue, ultimately concluding that the America-CV entities "are threatened with substantial irreparable harm as a result of the inability to hold board meetings." We conclude that this determination was based on competent, substantial evidence and thus affirm on that issue. McCormick v. Cox, 118 So. 3d 980 (Fla. 3d DCA 2013).

The hearing transcripts indicate that the trial court was reluctant to appoint a receiver for the entities in Florida, given the primacy of Delaware law. Instead, the court appointed a "referee" for the purposes of "facilitating the corporate board meetings," assuring compliance with the governing agreements, and determining "whether a board member must be excluded from casting a vote on any matter wherein a conflict of interest is alleged, subject to review by this Court upon application of any party." The referee was granted access to all corporate records "reasonably necessary to conduct an investigation of contested resolutions and corporate acts." The referee was also given the power to act as an ongoing mediator and was to report to the Court on all of these tasks.

The Romay Interests argue here that the Florida trial court lacked jurisdiction to grant such relief with respect to the entities, organized as they were in Delaware, contending that the Florida court thereby impermissibly regulates "the organization or internal affairs of a foreign corporation." § 607.1505(3), Fla.

4

Stat. (2013). The trial court's appointment of a "referee" instead of a receiver—in the exercise of the court's inherent equitable powers—reflects concern over the degree of authority that might be exercised in Florida by a corporate receiver for an entity organized in Delaware.

In fact, however, Florida's Business Corporations Act and Limited Liability Company Act expressly authorize a Florida court to appoint an ancillary receiver here for a foreign entity "even though no receiver has been appointed elsewhere."

Section 607.1432(6), Florida Statutes (2013), states:

> The court has jurisdiction to appoint an ancillary receiver for the assets and business of a corporation. The ancillary receiver shall serve ancillary to a receiver located in any other state, whenever the court deems that circumstances exist requiring the appointment of such a receiver. The court may appoint such an ancillary receiver for a foreign corporation even though no receiver has been appointed elsewhere. Such receivership shall be converted into an ancillary receivership when an order entered by a court of competent jurisdiction in the other state provides for a receivership of the corporation.

Similarly, section 608.4492(6), Florida Statutes (2013), states:

> The court has jurisdiction to appoint an ancillary receiver for the assets and business of a limited liability company. The ancillary receiver shall serve ancillary to a receiver located in any other state, whenever the court deems that circumstances exist requiring the appointment of such a receiver. The court may appoint such an ancillary receiver for a foreign limited liability company even though no receiver has been appointed elsewhere. Such receivership shall be converted into an ancillary receivership when an order entered by a court of competent jurisdiction in the other state provides for a receivership of the limited liability company.

5

These provisions recognize that a foreign company with an office, property, and operations in Florida may require local supervision even before a "primary" receivership is commenced in the state of incorporation. If and when a receivership order is entered in Delaware, the Florida receivership in this case would become "ancillary."

We reject the Romay Interests' contention that the trial court exceeded its jurisdiction and equitable authority in appointing a referee, because the parties directly addressed those issues during the hearings. On the Caribevision Interests' cross-appeal (claiming error in that portion of the order denying the appointment of a receiver or custodian pendente lite), we also conclude that the trial court did not err. The motion and pleadings sought relief under the law of Delaware, the organizing documents, and the trial court's equitable authority, rather than the Florida statutes cited above. BAC Home Loans Servicing, Inc. v. Headley, 130 So. 3d 703, 705 (Fla. 3d DCA 2013) (party entitled to notice and due process based on a proper pleading). On remand, the Caribevision Interests may file a renewed motion seeking such relief under Florida law or (if they have not already done so) seeking relief in the chancery court in Delaware. We express no opinion regarding the appropriateness or outcome of any such actions.

Affirmed as to both the appeal and the cross-appeal.