# Third District Court of Appeal

## State of Florida

Opinion filed July 29, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-922
Lower Tribunal No. 11-25608
_____

**Omar Romay, et al.,**
Appellants,

vs.

**Caribevision Holdings, Inc., et al.,**
Appellees.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Gelber Schachter & Greenberg, P.A., and Adam M. Schachter, Dan Gelber and Freddy Funes; David M. Rogero; Coffey Burlington, P.L., and Kendall B. Coffey and Benjamin H. Brodsky, for appellants.

Dorta & Orta, P.A., and Omar Ortega and Nicole Ruesca, for appellees.

Before SALTER, LOGUE and SCALES, JJ.

PER CURIAM

Pursuant to Rule 9.130(a)(3)(D) of the Florida Rules of Appellate Procedure, Appellants ("Romay") seek review of the trial court's non-final order appointing a receiver to take control of the assets and business operations of the parties' joint venture.[1]  Upon its formation, Romay and the Appellees ("Caribevision") each owned fifty percent of the joint venture. The parties' dispute involves, among other things, the validity of equity adjustments in favor of Romay that affect the parties' respective ownership interest in the joint venture.

Caribevision asserts that a receivership is necessary to prevent irreparable harm to the parties' joint venture, and that, consistent with our holding in Romay v. Caribevision Holdings, Inc, 147 So. 3d 125 (Fla. 3d DCA 2014), sections 607.1432(6) and 608.4492(6)[2] of the Florida Statutes authorize the trial court to appoint a receiver for the joint venture.

After conducting an evidentiary hearing over the course of two days, the trial court entered a detailed and extensive order granting Caribevision's motion for appointment of a receiver. In its order, the trial court recognizes "an imminent need to preserve the status quo" of the joint venture during the pendency of the parties' continuing litigation concerning the ownership of the joint venture.

---

[1] The joint venture consists collectively of America-CV Network, LLC and America-CV Station Group, Inc., both Delaware entities.

[2] Section 608.4492(6) has been re-numbered under the Florida Revised Limited Liability Act as section 605.0704(6).

Further, the order appointing a receiver contemplates that the receiver will resume the holding of board of directors meetings, which have not occurred despite a prior trial court order – approved by this Court[3] – that appointed a referee to conduct such meetings.

We review the appointment of a receiver under an abuse of discretion standard. <u>Puma Enters. Corp. v. Vitale</u>, 566 So. 2d 1343 (Fla. 3d DCA 1990). Based on the record before this Court, we conclude that the trial court did not abuse its discretion by entering the order on appeal.

Therefore, without expressing any opinion as to the parties' underlying dispute, we affirm the trial court's order appointing a receiver.

Affirmed.

---

[3] <u>Romay v. Caribevision Holdings, Inc.</u>, 147 So. 3d at 126-27.